**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

SCIONTI CONSTRUCTION GROUP LLC

    Debtor.

------------------------------------------------------------x

Chapter 11

Case No. 24-22427 (SHL)

# MEMORANDUM OF LAW IN SUPPORT OF
# RBI OPPORTUNITIES LLC'S MOTION TO TRANSFER VENUE
# PURSUANT TO 28 U.S.C. §§ 1406 AND 1408

Nicholas B. Bangos
Nicholas B. Bangos, P.A.
Florida Bar No. 0834238
2560 RCA Blvd., Suite 114
Palm Beach Gardens, FL 34997
(561) 781-0202
**nick@nbbpa.com**
*Attorneys for RBI Opportunities LLC*

1

# TABLE OF CONTENTS

I. SUMMARY OF ARGUMENT ……………………………………………………………..3

II. FACTUAL BACKGROUND ……………………………………………………………….4

III. LEGAL ARGUMENT ………………………………………………………………………8

IV. CONCLUSION ……………………………………………………………………………10

# TABLE OF AUTHORITIES

28 U.S.C. § 1406 …………………………………………………………………………………….7

28 U.S.C. § 1408 …………………………………………………………………………………….7

*In re Houghton Mifflin Harcourt Publishing Company et al.,* 474 B.R. 122 (Bank.S.D.N.Y. 2012) ……………………………………………………………………………………………...8

*In In re Patriot Coal Corp.,* 482 B.R. 718, 738 fn. 28 (Bankr.S.D.N.Y. 2012) . . . . . . . . . . . . . . 9

*In re Wood,* 2022 WL 2885294 (Bankr.W.D.Mou. May 25, 2022) . . . . . . . . . . . . . . . . . . . . .9

*Matter of Asanda Air II, LLC.,* 600 B.R. 714, 724 (Bankr.N.D.Ga. 2019) …………………...9

RBI Opportunities, LLC ("RBI"), by and through its undersigned counsel, files this Motion to Transfer Venue pursuant to 28 U.S.C. §§ 1406 and 1408, and says:

## Summary of Argument

The Debtor commenced this case on May 14, 2024. The Debtor's principal, Joseph Anthony Scionti, signed the Debtor's chapter 11 bankruptcy petition under penalty of perjury and claimed that the Debtor's principal place of business was in Rye, New York. However, on the same day that the Debtor filed this case, the Debtor, vis-à-vis Mr. Scionti, filed its Annual Report with the Florida Secretary of State, certifying under oath that its principal place of business is in Miami-Dade County, Florida, its mailing address is in Miami-Dade County, Florida, and its registered agent (the same principal who signed the chapter 11 petition) is at the same address in Miami-Dade County, Florida.

In the Debtor's Declaration Pursuant to Local Rule 1007-2, the Debtor states: (a) that it owns a vacant lot in Miami Dade County, Florida, and eight (8) unimproved lots in Ocala, Florida; (b) that it conducts its business from the residences of its principals in Miami-Dade County, Florida; and (c) the Debtor hopes to obtain DIP financing to construct residences on the Florida properties, which are its only assets and the only means to provide a distribution to unsecured creditors or fund future operations. According to Schedule G of the Debtor's schedules, the Debtor has no leases or executory contracts. According to Schedule A/B, the Debtor has no personal property and any business assets are located in storage in Miami Dade County, Florida according to the Statement of Financial Affairs.

In the Debtor's creditor's meeting, Mr. Scionti "***did not remember***" when the Debtor signed the supposed lease agreement for the Rye, New York location or how much rent was being

3

for that space. Upon information and belief, that address is a virtual office where the Debtor neither occupies physically nor has ever transacted any business.

The Debtor has never paid or filed state income taxes in New York and its only connection to New York appears to be this executive/virtual space it appears to have recently obtained for the sole purpose of manufacturing jurisdiction in New York. According to the records of the New York Department of State, Division of Corporations, the Debtor is not registered or authorized to do business in New York. According to the New York Department of Buildings, neither the Debtor, Mr. Scionti nor Mrs. Ferrao are licensed general contractors in the State of New York.

**Factual Background**

1. The Debtor commenced this case on May 14, 2024 (the "Petition Date").

2. According to the Debtor's chapter 11 petition, which was signed under penalty of perjury, the Debtor's principal place of business is 411 Theodore Fremd Ave, Suite 206 S, Rye, NY 10580. (DE# 1).

3. On May, 14, 2024, the Debtor filed its Florida Annual Report with the Florida Secretary of State. A true and accurate copy of the May 14th Annual Report is attached as Exhibit 1.

4. According to the Debtor's 2024 Florida Annual Report, the Debtor's principal place of business is 2322 Galiano Street, Coral Gables, FL 33134. The Debtor's mailing address is 2322 Galiano Street, Coral Gables, FL 33134 and its registered agent's mailing address is 2322 Galiano Street, Coral Gables, FL 33134.[1]

---

[1] The Debtor was initially incorporated on July 13, 2013 in Delray Beach, Florida under the name Mijo Construction Inc. On September 16, 2016, the Debtor converted and changed its name to Scionti Construction Group LLC. Since 2016, the Debtor has operated its business at various addresses between Delray Beach, Florida, Boca Raton, Florida, and Miami, Florida.

5. RBI is a secured creditor who loaned the Debtor $1,336,800.00 through an affiliate, RBI Mortgages, LLC, on or about July 7, 2021. The loan was modified and assigned to RBI on August 1, 2022, and a modified note with a principal balance of $630,000.00 was issued by the Debtor to RBI. The loan is secured by a first mortgage on the following described real property.

> The South 50 feet of the East Half of Tract 18, Revised Plat of 2nd Amended Plat of High Pines, according to the plat thereof as recorded in Plat Book 31, Page 57, Public Records of Miami-Dade County, Florida f/k/a
>
> Lots 6 and 7, Block 18, 2nd Amended Plat of High Pines, according to the plat thereof as recorded in Plat Book 10, Page 18, Public Records of Miami-Dade County, Florida.
>
> Parcel ID Number 30-4131-019-1740
>
> Street Address: 7454 SAW 52 Street, Miami, FL 33143.

(the " Miami Property").

6. The Debtor has been in default on the loan since August 1, 2023. The Debtor has failed to pay its real property taxes since 2022 and there are code enforcement liens on the Property in favor of Miami-Dade County, Florida, that are not reflected in the Debtor's schedules. Consequently, on January 23, 2024, RBI commenced an action in the Circuit Court of Miami-Dade County, Florida. See ***RBI Opportunities, LLC v. Scionti Construction Group, LLC,*** Case No. 24-001297.

7. According to the Debtor's schedules, the Debtor's principal assets consist of the Miami Property and eight (8) unimproved lots of land in Ocala, Florida (the "Ocala Lots") that are subject to liens in favor of Synergy Mortgage, 11 Beach Dr SE, St. Petersburg, FL 33701, and the U.S. Small Business Administration (the "SBA").

8. The Debtor obtained a loan from the SBA subsequent to the RBI loan. According to the Debtor's schedules, the SBA was due $2,000,000.00 on the Petition Date. See DE#1 at page

5

14. The SBA obtained a mortgage on the Property and on the Ocala Lots. RBI's first mortgage on the Property is superior in time and priority to the SBA's mortgage.

9. On May 23, 2024, the Debtor filed its Debtor's Declaration Pursuant to Local Rule 1007-2 (the "Declaration"). See (ECF# 9). According to the Declaration, (a) the Debtor had a stream of income from government contracts at Camp Lejeune, North Carolina that ceased, (b) the Debtor had construction projects in Puerto Rico and St. Croix after Hurricane Irma (2017) that ceased, and (c) the Debtor has turned to private construction projects in Florida. ECF#9 at pages 1-2.

10. The Declaration also states that the Debtor is operated by two individuals, who own 51% and 49% of the interests in the Debtor, respectively. The Debtor has limited employees who are on a 1099 basis but the Debtor intends to move them to W-2 status "in the near future." ECF# 9 at page 3, ¶ 28. The Declaration's budget makes it appear that those three employees reside in North Carolina.

11. According to the Declaration, "the Debtor operates its business from the principals' residence in Miami, Florida." ECF#9 at page 5, ¶ 13. The Debtor claims to "maintain" a sales office in Rye, New York where it claims it manages its contract bidding for the northeast." See ECF#9 at page 5, ¶ 28. The Declaration contains a budget. See ECF# 9, at page 6. There is no line item for any rent for the space in Rye, New York or any other expenses for that location. Instead, there is a "housing allowance for both of the Debtor's principals for their "home offices" in Miami, Florida.

12. There is no lease for this space is reflected on the Debtor's Schedule G (or anywhere else in the Debtor's Schedules or Statement of Financial Affairs (ECF#10)). See DE#1, page 20. The Debtor's books and records are located at 8331 SW 96th Place, Miami, Florida 33173. See

6

ECF#9 at page 5, ¶ 29 and ECF#10 at page 6.  According to its Statement of Financial Affairs, the Debtor utilizes a public storage facility in Miami, Florida to store its building materials, desks, cabinets and office equipment. See ECF# 10 at page 5.

13.     According to the New York Building Department, neither the Debtor, Mr. Scionti or Mrs. Perrea are licensed general contractors in the State of New York. A true and correct copy of a composite of a June 26, 2024 search is attached as Exhibit 2.

14.     A review of the records of the New York Department of State, Division of Corporations on June 11, 2024, revealed that the Debtor is not registered or authorized to do business in New York.  A copy of a June 11, 2024, printout of an online search of the records of the Department of State is attached as Exhibit 3.

15.     According to the Debtor's schedules and the Declaration, the Debtor's only assets are the Miami Property, the Ocala Lots and $30,000 in cash at Chase Bank.  See ECF#1 at 9-11, 13  and ECF#9 at page 13.

16.     According to the Declaration, the objective of the case is to obtain construction financing to construct a 5,000 square foot residence on the Miami Property and to construct residences on the Ocala Lots. See ECF#9, page 3-4, ¶¶ 19-21.

17.     On June 10, 2024, the undersigned filed its Motion to Appear Pro Hac Vice (ECF#15).  However, the undersigned neglected to upload a courtesy copy of the motion and draft of a proposed order to chambers.

18.     On June 13, 2024, the Debtor's §341 meeting was conducted.  Among other things, the Debtor could not remember when the Debtor signed the lease for the supposed space in New York and could not remember how much the Debtor was paying in rent. During the meeting of

7

creditors and towards the end of the meeting, RBI's counsel advised the parties of its intent to seek the transfer of the venue upon the undersigned's admission to this Court pro hac vice.

19. On June 20, 2024, the undersigned, concerned that the Court had not yet ruled on the undersigned's motion to appear, refiled the Motion to Appear Pro Hac Vice (ECF#22) and uploaded a courtesy copy of the motion and proposed order to chambers.

20. On June 21, 2024, the Court entered its order on Nicholas B. Bangos, PA.'s Motion to Appear Pro Hac Vice (ECF#23).

## Argument

Section 1408 of title 28, United States Code, provides as follows:

> Except as provided in section 1410 of this title, a case under title may be commenced in this district court for the district-
>
> (1) in which the domicile, residence, ***principal place of business*** in the United States, ***or principal assets*** in the United States, of the person or entity that is the subject of such case have been located for the one-hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence or principal place of business, in the United States, principal assets in the United States, of such person were located in any other district; or
>
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408 (emphasis added).

28 U.S.C. § 1406, in turn, provides in pertinent part:

> The district court of the district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

***In In re Houghton Mifflin Harcourt Publishing Company et al.,*** 474 B.R. 122 (Bank. S.D.N.Y. 2012) Judge Gerber concluded that the term "residence" in §1408 only applies to individuals. *Id.* at 134. Judge Gerber also observed and concluded that:

> . . . the Court believes that it here must conclude that where the statutory requirements for venue have not been satisfied; where a timely objection to venue has been made by a party with standing to make it; and where those requirements have not been duly waived, one or the other of ***dismissal or transfer of venue is mandatory***.
>
> The majority view is that §1406 applies to cases under the Bankruptcy Code, and that a bankruptcy court lacks authority to retain a case that fails to satisfy §1408 requirements over timely objection of an interested party. (34)
>
> \* \* \*
>
> Thus the Court concludes that §1406 applies, at least in the first instance if the Court cannot find one of §1408's five bases for venue to have been satisfied.

***Id.*** at 1330-134. ***In In re Patriot Coal Corp.,*** 482 B.R. 718, 738 fn. 28 (Bankr.S.D.N.Y. 2012) also concluded that 28 U.S.C. § 1406 applies in bankruptcy cases and where a bankruptcy case is filed in an improper venue, the Court does not have the discretion to consider the factors under 28 U.S.C. § 1412 and therefore an analysis of the interests of justice and the convenience of the parties is improper. Instead, the Court has two options where, as here, the motion to transfer is brought pursuant to 28 U.S.C. § 1406: either dismiss the case or transfer the case to proper venue. ***See also, In re Wood,*** 2022 WL 2885294 (Bankr.W.D.Mo. May 25, 2022); and ***In Matter of Asanda Air II LLC.,*** 600 B.R. 714, 723-24 (Bankr.N.D.Ga. 2019). In this case, that venue is United States Bankruptcy Court for the Southern District of Florida, Miami Division, where the Debtor's principal place of business is and always has been and the location of its principal assets.

On the same date that the Debtor's declared under penalty of perjury that the Debtor's principal place of business was in Rye, New York, the Debtor filed its annual report with the Florida Secretary of State, certifying under oath that Florida was the Debtor's principal place of business. See Exhibit 1.[2] The Declaration even contradicts Debtor's chapter 11 petition and is an

---

[2] The certification has the same effect as a declaration made under oath.

9

admission that the Debtor's principal place of business is in a residence in Miami, Florida, not Rye, New York.

The Debtor admits in the Declaration that the Debtor operates its business out of the principals' residence in Miami-Dade County, Florida and "maintains" a sales office in Rye, New York. As luck would have it, no lease or executory contract is listed on the Debtor's Schedule G, or anywhere else, for the "Rye, New York sales office." In the Debtor's §341 creditor's meeting, the Debtor's principal testified that he did not know when the Debtor began occupying that space or how much rent the Debtor was paying. Upon information and belief, this space is a virtual office space and was acquired recently as part of the Debtor's scheme to deliberately file this case in an improper venue in an attempt to manufacture jurisdiction in this Court to the detriment of the Florida secured creditors whose collateral is essential for an effective reorganization.

According the Debtor's schedules and the Declaration, the Debtor had only three assets on the Petition Date, the Miami Property, the Ocala Lots and $30,000 on deposit with Chase Bank. The Debtor's reorganization is premised upon the Debtor's ability to obtain funding to commence and complete the construction of the Miami Property. On the Petition Date, the Debtor claimed it owed RBI $750,000.00 and the SBA $2,000,000.00. Obtaining construction financing for a raw piece of land in Miami, Florida with that much debt will be challenging, to say the least. However, if, and when, that happens, it will take at least a year for the Miami Property to be completed and sold. Until that happens sometime in 2025-26, the Debtor seems to lack any means to actually bid on or fulfill any construction contract bids if, and when, it obtains the necessary licenses.

## Conclusion

By the Debtor's own admission in the Declaration, Miami, Florida was the Debtor's principal place of business on the Petition Date. The Debtor's principals' respective residences

continue to be and always have been the Debtor's principal place of business. The Debtor filed its Annual Report with the Florida Department of State on the Petition Date and certified under oath that its principal place of business was in Miami, Florida.

The Debtor has no connection with New York other than its lawyer. The Debtor found a virtual space that was "recently" rented to do bidding on projects a bankrupt contractor with 3 employees who ought not obtain and cannot fulfill absent an infusion of cash to fund the build-out of the property in Miami that won't occur for a year. The plain language of 28 U.S.C. § 1408 compels the conclusion that this case was filed in the wrong and improper venue. It is respectfully submitted that the plain language of 28 U.S.C. § 1406(a) dictates that the Court has two choices-either dismiss the case or transfer the venue of the Debtor's chapter 11 case to the United States Bankruptcy Court for the Southern District of Florida, Miami Division.

The Debtor's principal place of business is in Miami, Florida. The Debtor's only connection to New York is insubstantial, illusory and was clearly manufactured with this improper filing in mind. Accordingly, it is respectfully submitted that the Court should transfer the case to United States Bankruptcy Court for the Southern District of Florida, Miami Division unless the Debtor prefers dismissal.

## **Relief Requested**

RBI respectfully requests the entry of an order transferring this case to the United States Bankruptcy Court for the Southern District of Florida, Miami Division, and for such other relief as the Court deems appropriate under the circumstances of this case.

Dated this 26th day of June, 2024.

/s/ Nicholas B. Bangos
Nicholas B. Bangos
Nicholas B. Bangos, P.A.
Florida Bar No. 0834238
2560 RCA Blvd., Suite 114
Palm Beach Gardens, FL 34997
(561) 781-0202
*nick@nbbpa.com*
*Attorneys for RBI Opportunities LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished electronically via the Court's CM/ECF system to all parties entitled to receive notices electronically on the 26th day of June, 2024 and by U.S. Mail, First Class on the 27th day of June, 2024.

/s/ Nicholas B. Bangos
Attorney