UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SCIONTI CONSTRUCTION GROUP LLC,    CASE NO. 24-17612-RAM

    Debtor.    Chapter 11
_____/

## RBI OPPORTUNITIES, LLC MOTION TO DISMISS CASE

RBI Opportunities, LLC ("RBI"), by and through its undersigned counsel, files this Motion to Dismiss Case pursuant to 11 U.S.C. § 1112(b)(4)(A) and says:

### Summary of Argument

The Debtor commenced this case on May 14, 2024 in the Southern District of New York despite the fact that its principal place of business and assets are and were in Miami, Florida. As part of the filing in New York, the Debtors sought a co-debtor stay in favor of its two principals After initially contesting the venue issue, the Debtor agreed to the transfer of the venue of this case to this Court on July 22, 2024.

Since the filing of this case, the Debtor has done nothing to find a solution to its problems or demonstrate the likelihood that it will be able to file a plan of reorganization that restructures its debts or satisfies RBI's first mortgage on the Debtor's principal asset in Miami, Florida. The same property that secures RBI's first mortgage also secures a lien in favor the SBA for $2,000,000.00. The Debtor's only other significant asset are 8 lots of vacant land in Ocala, Florida that are encumbered by the SBA $2 million claim and another mortgage both of which exceed the value of those properties.

In short, the Debtor has no prospects for a reorganization and the pendency of this action is subjecting creditors to further losses and time delays that appear to benefit its owners and insiders who are co-obligors on various substantial obligations at the expense of creditors.

1

In the Debtor's Declaration Pursuant to Local Rule 1007-2, the Debtor claims that the Debtor hopes to obtain DIP financing to construct residences on the Florida properties, which are its only assets and the only means to provide a distribution to unsecured creditors or fund future operations. Since the case was transferred, the Debtor has made no progress and has no prospects to reorganize. It's only hope is to formulate a plan of liquidation that fail to yield any return to the approximate $1 million in unsecured and undersecured debt for the benefit of its insiders who are co-obligors on these substantial obligations.

## Factual Background

1. The Debtor commenced this case on May 14, 2024 (the "Petition Date") in the United States Bankruptcy Court for the Southern District of New York. ECF# 1.

2. According to the Debtor's petition and schedules, the Debtor's principal place of business and principal assets are and were in Miami, Florida.

3. According to the Debtor's schedules, the debtor owns a property located at 7454 Schoolhouse Road, Miami, FL 33143 (the "Miami Property") and 8 lots of undeveloped land in Ocala, Florida.

4. The Miami property is encumbered by a mortgage in favor of RBI in the amount of $849,462.63 as of October 29, 2024 and continues to accrue a per diem of $437.50. The Miami Property is also encumbered by a mortgage in favor of the United States Small Business Administration (the "SBA") in the amount of $2,194,604.00.

5. According to the Debtor's Case Management Summary (ECF# 64), the value on the Petition Date of the Miami Property was $1,650,000.00.

6. The Debtor also owns 8 lots in Ocala, Florida which are collectively valued at $360,000.00. Those properties are secured by the SBA $2,194,604 mortgage and a mortgage in favor of Shorecrest Investment Fund LLC in the amount of $216,978. See ECF# 64.

7. On June 6, 2024, the Debtor filed its Motion to Extend Automatic Stay Pursuant to 11 U.S.C. § 362(a) and 105(a), to Non-Debtor Principals (the "Co-Debtor Stay Motion") (ECF# 14).

8. On June 26, 2024, RBI, who holds a first priority mortgage on the Miami Property, filed its Motion to Transfer Venue. (ECF# 28). The Court entered an order transferring the venue of this case on July 26, 2024.[1]

9. On August 15, 2024, the Court held a status conference. (ECF# 42).

## Legal Argument

In the Debtor's Declaration Pursuant to Local Rule 1007-2 (ECF# 9), the Debtor claimed that it hoped to obtain DIP financing to construct residences on the Florida properties, which are its only assets and the only means to provide a distribution to unsecured creditors or fund future operations. The Debtor has had no luck in obtaining DIP financing and is not likely to.

The Miami Property is over-encumbered. There are two secured claims approximating $3 million (RBI $849,462.63 and the SBA $2,194,604.00). The Debtor' secured obligations exceed the value of its secured assets. The Debtor's principals are co-obligors on secured and non-secured obligations. The Debtor's have had almost 6 months to propose a plan that would enable it to reorganize. The Debtor requested that its principals be free from claims so that they could focus on formulating a plan of reorganization. The Debtor's contemplated obtaining a debtor in possession loan to complete the build-out of the Miami Property which the Debtor's believed

---

[1] RBI contends that although the case was not filed in bad faith per se, the Debtor deliberately filed this case in the wrong venue on purpose. That discussion is contained in the motion to transfer venue.

would generate sufficient funds to satisfy the RBI and SBA Loans, respectively and leave sufficient funds to complete the development and sale of the Ocala lots so as to make a distribution to the approximate $920,749.23 in unsecured claims.

Since the August 15, 2024 status conference, the Debtor has filed no papers that indicate that the Debtor has any prospects for a reorganization. The Debtor's counsel previously provided a draft of an unsigned contract for the Miami Property that was for less than the sum of the RBI and SBA claims and no debtor in possession funding appears to be on anywhere on the horizon.

Section 1112 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq., bases for cause for the dismissal of a chapter 11 case. In this case, the Debtor's continuing losses and absence of a reasonable likelihood of rehabilitation supports the dismissal of this case. Secured creditors are accruing interest that threatens to diminish the amount of funds available to junior creditor and the Debtor has shown no prospects or plan to rehabilitate. It is clear that the Debtor is seeking to find an exit strategy that best suits its principal's needs and interests over the rights of creditors. enumerates several

The Debtor has been in default on the loan since August 1, 2023. The continued delays will only benefit the Debtor's insiders. The Debtor has failed to pay its real property taxes since 2022 and there are code enforcement liens on the Property in favor of Miami-Dade County, Florida, that are not reflected in the Debtor's schedules. On January 23, 2024, RBI commenced an action in the Circuit Court of Miami-Dade County, Florida. See ***RBI Opportunities, LLC v. Scionti Construction Group, LLC,*** Case No. 24-001297. That action should not continued to be stayed or delayed under these circumstances. We are in strange times and there is substantial risk that the Miami Property will depreciate in value and the RBI claim will continue to grow and more

4

creditors will be left with no possibility of a distribution from either the Debtor or its principals whose assets are diminishing as the Debtor withers on the vine.

### Relief Requested

RBI respectfully requests the entry of an order dismissing this case pursuant to 11 U.S.C. § 1112(b)(4)(A) and for such other relief as the Court deems appropriate under the circumstances of this case.

Dated this 29th day of October, 2024.

    /s/ Nicholas B. Bangos
Nicholas B. Bangos
Nicholas B. Bangos, P.A.
Florida Bar No. 0834238
2560 RCA Blvd., Suite 114
Palm Beach Gardens, FL 34997
(561) 781-0202
*nick@nbbpa.com*
*Attorneys for RBI Opportunities LLC*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished electronically via the Court's CM/ECF system to all parties entitled to receive notices electronically on the 29th day of October, 2024 and by U.S. Mail, First Class on the 30th day of October, 2024.

/s/ Nicholas B. Bangos
Attorney

5