UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

                                                                                 Case No. 24-17612-RAM

Scionti Construction Group LLC

                                                                                 Chapter 11

Debtor.

_____/

## DEBTOR'S OBJECTION TO MOTION TO DISMISS

      Scionti Construction Group LLC (the "Debtor"), by and through undersigned counsel, hereby objects to the motion of RBI Opportunities, LLC ("Movant") to Dismiss the Debtor's Case pursuant to 11 U.S.C. §1112(B)(4)(A) and in support thereof, states as follows:

## BACKGROUND

      1.     This case was commenced by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code on May 14, 2024 [ECF 1].

      2.     Pursuant to 11 U.S.C. §§1107(a) and 1108, the Debtor is managing its affairs as a debtor-in-possession. As of the date hereof, no trustee, examiner or statutory committee has been appointed in this Chapter 11 case.

      3.     The Debtor's case is complex and has required many issues to be addressed in order to clear the way for reorganization.

      4.     In an effort to be transparent, the Debtor previously shared with Movant a potential sale of its property, however, unfortunately the Debtor has concluded that sale wasn't viable.

5. The Debtor now has an offer of financing for which a motion seeking Court approval is being filed contemporaneously with this objection.

6. The Debtor's proposed financing will pay Movant's claim in full.

7. Additionally, the SBA loan is not secured by the property as the Movant claims. Therefore, there is no loss or diminution to the SBA or any other creditors as a result of the Debtor continuing to work towards reorganization.

8. Accordingly, the Debtor submits that the Court should not dismiss the case at this time.

## LEGAL ARGUMENT

The Motion references 11 U.S.C. §1112(B)(4)(A) as the basis for seeking dismissal of the Debtor's case. This section provides that a court may dismiss for cause if there is "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation". This is a two-fold inquiry. First, this Court must determine whether there has been substantial or continuing loss to or diminution of the estate. Second, if the Court finds that there is, then this Court must determine whether there is an absence of a **reasonable likelihood** of rehabilitation. Movant does not satisfy the burden of proving cause for dismissal under either inquiry. *In re Glob. Emergency Res., LLC*, 563 B.R. 76 (Bankr. S.D. Ga. 2016).

First, Movant's claim is fully secured and there is no junior mortgage on the Debtor's property in Miami. The SBA does not have a mortgage on the property so to the extent that Movant incurs additional interest it is not a loss to SBA as Movant claims. To be cause for dismissal the loss or decline in value must be either substantial or continuing, but need not be both. *In re Oakley Grading & Pipeline, LLC*, No. 18-10743-WHD, 2019 Bankr. LEXIS 820

(Bankr. N.D. Ga. Mar. 15, 2019). In this case the Movant has not established that there is a loss that is substantial or continuing.

Second, as stated the Debtor now has an approval for financing which will be presented for Court approval. Therefore, there is a reasonable likelihood of rehabilitation. Additionally, for purposes of § 1112(b)(4)(A), the term "rehabilitation" refers to the debtor's ability to confirm a plan even if it involves a liquidation of assets. *In re Profundity LLC*, 2024 Nos. Chapter 11, 23-16720-CLC, 23-16725-CLC, 2024 Bankr. LEXIS 2208 (Bankr. S.D. Fla. Apr. 11, 2024). The Debtor has stated that if it cannot secure financing it intends to sell its assets. Accordingly, Movant has not established cause to dismiss the case.

**WHEREFORE**, the Debtor respectfully requests the Court deny the Movant's motion to dismiss and grant any other and further relief as this Court deems just and proper.

Submitted November 14, 2024.

Respectfully submitted,

BRONSON LAW OFFICES, P.C.

*/s/H. Bruce Bronson*
H. Bruce Bronson, Esq., Appearing *pro hac vice* in this matter pursuant to court order dated 8/2/2024

Bronson Law Offices PC
480 Mamaroneck Ave.
Harrison, NY 10528
NY Bar:167930