UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

Scionti Construction Group, LLC,　　　　　　　　　　Case No. 24-17612-RAM
　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 11
　　　　Debtor.
_____/

**DEBTOR'S MOTION FOR AN ORDER: (1) AUTHORIZING THE
DEBTOR TO OBTAIN SUPERPRIORITY POST-PETITION FINANCING;
(2) GRANTING LIENS AND SUPERPRIORITY CLAIMS; (3) GRANTING
ADEQUATE PROTECTION; (4) MODIFYING THE AUTOMATIC
STAY; AND (5) GRANTING RELATED RELIEF**

**INTRODUCTION**

The Debtor, Scionti Construction Group, LLC (the "Debtor") submits this motion (the "DIP Financing Motion") pursuant to 11 U.S.C. §§ 105, 361, 362(d) and 364(d), seeking and Order: (1) authorizing the Debtor to obtain superpriority post-petition financing; (2) granting priming liens and superpriority claims; (3) granting adequate protection to prepetition secured creditors; (4) modifying the automatic stay; and (5) granting related relief. In support of the Application, undersigned respectfully sets forth and alleges the following:

**BACKGROUND**

1.　　The Debtor owns the fee interest in a parcel of real estate located at 7454 SW 52nd Avenue, Miami, Florida (the "Property"), which is a vacant lot. The Property is encumbered by two liens, a first mortgage held by RBI Opportunities LLC ("RBI") with a claimed balance of $757,334.66 as of the petition filing (*see* POC 10) and a blanket UCC lien that is subordinate to

RBI's mortgage, held by the U.S. Small Business Administration (the "SBA") with a claimed balance of $2,194,604.44 as of the petition filing (*see* POC 2).

2. The Property was the subject of a foreclosure action filed against the Debtor pending before the Florida Circuit Court of the Eleventh Judicial Circuit, styled *RBI Opportunities, LLC v. Scionti Construction Group, LLC, et. al*., (Index # 2024-001297). On May 14, 2024, the Debtor filed the present petition under chapter 11 of the U.S. Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) (the "Bankruptcy Code"). The filing of the present case stayed said foreclosure action.

3. The Debtor is continuing in the management and possession of its business and properties as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. The Debtor in its business judgment has determined that obtaining financing—which will repay the RBI mortgage in full, make a payment to the SBA to the extent of the secured portion of its lien in the Property and provide liquidity to the Debtor to finance the development of the Property—represents the best course of action for this chapter 11 case. In the Debtor's business judgment, the ability to develop the Property will maximize the value of the estate and provide the most effective means of reorganization to the benefit of the estate and the Debtor's creditors. Accordingly, the Debtor has sought and obtained a letter of intent attached hereto as **Exhibit "A"** for post-petition financing from Republic Commercial Fund LLC ("RCF"), a commercial real estate lender. Through this DIP Financing Motion the Debtor seeks Court approval to approval the post-petition construction loan from RCF (the "DIP Facility")

## ARGUMENT

### Jurisdiction and Statutory Predicates

5. The Court has jurisdiction over this case and the DIP Financing Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is

proper before this Court pursuant to 28 U.S.C. § 1409. The statutory predicates for the relief sought herein are sections 105, 361, 362(d), 364(d) and 506(a) of the Bankruptcy Code and rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### The Proposed Post-Petition Financing

6. In accordance with Bankruptcy Rule 4001(b)(1)(B) and rule 4001-3 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules"), below is a summary of the terms of the proposed DIP Facility:

| Material Terns and Applicable Rule | Proposed DIP Facility and Location of specified term |
|---|---|
| **Borrowers** Fed. R. Bankr. P. 4001(c)(1)(B) | The Debtor |
| **DIP Lender** Fed. R. Bankr. P. 4001(c)(1)(B) | RCF |
| **Amount and Facility** Fed. R. Bankr. P. 4001(c)(1)(B) | $2,337,500 construction loan, funded upon (i) approved budget; on-site inspection; proof of payment; and lien release. |
| **Interest rate** Fed. R. Bankr. P. 4001(c)(1)(B) | Interest-only 12.500% per annum |
| **Default interest** Fed. R. Bankr. P. 4001(c)(1)(B) | n/a (contract rate) |
| **Fees** Fed. R. Bankr. P. 4001(c)(1)(B) | Loan processing fee of $3,500 paid by Debtor at closing; Deposit paid to the fund of $5,000 paid by Debtor at closing. Total Commitment Balance fee of $5,000 paid by Debtor at closing. Draw fee: $650 per draw |
| **Borrowing Conditions** Fed. R. Bankr. P. 4001(c)(1)(B) | The loan is subject to Bankruptcy Court approval, including approval as 1st priority lien. |

| | |
|---|---|
| **Prepayment** | The Debtor shall have the right to make one or more payments of principal or of interest at any time |
| **Term** | The term of the loan is 18 months. |
| **Security and Priority**<br><br>Fed. R. Bankr. P. 4001(c)(1)(B)(i), (ii) and (iii). | The lien and security interest in favor of the RCF shall have first priority in and to the Property. The prepetition first lien, the mortgage held by RBI, will be paid in full and thus dischargeable. The UCC blanket lien held by the SBA will be paid the full value of its secured claim pursuant to 11 U.S.C. 506(a). To the extent any portion of the SBA's lien survives payment of its allowed secured claim, the RCF lien will prime the SBA lien pursuant to 11 U.S.C. § 364(d). |
| **Use of DIP**<br><br>Fed. R. Bankr. P. 4001(c)(1)(B)(ii) | Any portion of the DIP Facility that is not distributed to the lenders as provided for herein, shall be used in the amounts and for the purposes identified in the proposed budget at **Exhibit "B."** |
| **Adequate Protection**<br><br>Fed. R. Bankr. P. 4001(c)(1)(B)(ii) | SBA UCC blanket lien will be paid the full value of its secured claim pursuant to 11 U.S.C. §§ 361(1) and 506(a) |
| **Carve out** | Subordinate to (i) the claims of retained professionals of the estates in this Case up to the amounts set forth in the Budget.<br><br>(ii) unpaid fees and expenses of the United States Trustee and the Clerk of the Court. |
| **Events of default** | Failure to make payments when due. |

## Necessity of Post-Petition Financing

7.  The Debor requires access to debtor in possession financing in order to clear the Property of the secured debt which currently encumbers the Property and to operate as a going concern by funding the development of the Property. Both goals are expected to significantly increase the value of the Property. *See* Scionti Aff., ¶ 7. In the absence of access to the DIP Facility, the Debtor would be without the liquidity necessary to develop the Property. The likely

outcome of this scenario is for the Property to be sold as a vacant lot, which will significantly reduce its potential value. *See id.* Conversely, the proposed DIP Facility will not only afford a return of the entire current value to the two lienholders, but will return additional value to the bankruptcy estate through the ability to fund development and ultimately increase the potential value of the Property.

8. The budget at **Exhibit "B"** sets forth the timeline and milestones for construction on the Property.

9. The Debtor sought financing from multiple lenders and none extended financing options other than RCF. *See* Scionti Aff. ¶ 7-8.

10. The Debtor's negotiations with RCF were the result of good faith, arm's length negotiation and the Debtor and RCF are unrelated and have no prior relationship. *See* Scionti Aff. ¶ 7-8.

### Adequate Protection

11. Both RBI and the SBA are adequately protected (to the extent required to be so) pursuant to section 361 of the Bankruptcy Code. As to RBI, section 361(3) of the Bankruptcy Code provides that adequate protection may be provided by "granting such relief…as will result in the realization by [a secured creditor] of the indubitable equivalent of such [creditor's] interest in such property." 11 U.S.C. § 361(3). Here, the proposed DIP Facility will pay the entire outstanding balance to RBI and so to the extent RBI is entitled to adequate protection, section 363(3) is satisfied and RBI is adequately protected.

12. As to the SBA, section 363(3) likewise applies because its claim is secured only to the extent of the value of the SBA's interest in the property (i.e. its UCC lien). *See* 11 U.S.C. § 506(a). Accordingly, as a subordinate lienholder, the SBA's secured claim is valued at the value

of the Property at the time the petition was filed, less the value of RBI's first mortgage. The DIP Facility proposes to pay the SBA's claim in an amount equal to the market value of the Property less the amount disbursed to RBI on account of RBI's mortgage. In addition, section 363(1) of the Bankruptcy Code also provides that adequate protection may be provided by "requiring he trustee to make a cash payment [to a secured creditor] to the extent that…any grant of a lien under [11 U.S.C. § 364] results in a decrease in the vale of such entity's interest in such property." 11 U.S.C. § 361(1). Here, as noted above, the value of the SBA's *secured* claim is limited by section 506(a) of the Bankruptcy Code to the value of its interest in the Property and unsecured as to the remainder of its allowed claim. 11 U.S.C. § 506(a). Section 506(a) provides that "value [under section 506(a)] shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." *See also In re Levitt & Sons, Ltd. Liab. Co.*, 384 B.R. 630 (Bankr. S.D. Fla. 2008) ("valuation hearing may be conducted in connection with a hearing on the approval of debtor in possession financing.") (citing 11 U.S.C. § 506(a)). Accordingly, the secured claim of the SBA as pertains to the Property is equivalent to the value of the Property less senior liens (i.e. the RBI mortgage). The DIP Facility proposes to pay the SBA this amount, which is the full value of its secured interest in the Property, and the SBA is thus adequately protected pursuant to section 363(1) and (3) of the Bankruptcy Code.

**Incurrence of Secured Debtor**

13. Section 364(d) of the Bankruptcy Code provides that the Court may, after notice and a hearing, "authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if

(A) the trustee is unable to obtain such credit otherwise; and

(B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted."

11 U.S.C. § 364(d)(1)

14. The Debtor requests that the financing under the DIP Facility be granted a valid and perfected post-petition first priority security interest in the Property and respectfully posits that the incurrence of such credit is consistent with section 364 of the Bankruptcy Code.

15. The Debtor in its business judgement believes that the proposed DIP Facility represents the best and possibly only financing available to it that will clear the existing liens upon the Property as well as provide liquidity for the development of the Property. *See* Scionti Aff. ¶ 7-8. The Debtor does not believe that any lender would provide post-petition financing on an unsecured, priority, *pari passu* or subordinate-lien basis to the existing lienholders. *Id.* Accordingly, the DIP Facility, in the business judgment of the Debtor, represents not only the best post-petition financing option available, but also the best option within this chapter 11 case to maximize value to the creditors and to the estate. *See also In re Wildwood Vills., LLC,* 2021 Bankr. LEXIS 1211 (Bankr. M.D. Fla. 2021) ("A debtor's business judgment is entitled to great deference. Generally, the business judgment standard is satisfied if a debtor acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.") (internal quotation omitted).

## Automatic Stay

16. Finally, the Debtor requests a modification of the automatic stay pursuant to section 362(a) of the Bankruptcy Code, but only to the extent necessary to implement and effectuate the terms of the DIP Facility.

WHEREFORE, the Debtor respectfully requests that this Court Grant the DIP Financing Motion and enter an Order substantially in the form attached hereto as **Exhibit "C"**; and grant the Debtor the relief sought and such other relief deemed appropriate.

Dated: November 15, 2024

Bronson Law Offices, P.C.

By: H. Bruce Bronson, Esq.
480 Mamaroneck Avenue
Harrison, NY 10528
(914) 827-5238 (tel.)

*Counsel to the Debtor*
*Pro Hac Vice Granted August 2, 2024*

*And*

BEIGHLEY, MYRICK, UDELL, LYNNE & ZEICHMAN, PA
Local Counsel for Debtor
2385 Executive Center Drive, Suite 250
Boca Raton, FL 33431
Phone: 561-549-9036
Fax: 561-491-5509
tzeichman@bmulaw.com
By: /s/ Thomas G. Zeichman
THOMAS G. ZEICHMAN
Florida Bar No. 99239

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of November, 2024, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that the document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ Thomas G. Zeichman
THOMAS G. ZEICHMAN
Florida Bar No. 99239