

**ORDERED in the Southern District of Florida on January 8, 2025.**

Robert A. Mark, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

Scionti Construction Group, LLC,          Case No. 24-17612-RAM
                                          Chapter 11
      Debtor.
_____/

**ORDER: (1) AUTHORIZING THE DEBTOR TO OBTAIN
SUPERPRIORITY POST-PETITION FINANCING; (2) GRANTING
LIENS AND SUPERPRIORITY CLAIMS; (3) GRANTING ADEQUATE
PROTECTION; AND (4) MODIFYING THE AUTOMATIC STAY**

This came before the Court for hearing on November 21, 2024 and December 11, 2024 at 11:00 a.m. upon the motion (the "DIP Financing Motion") (ECF No. 84) of the debtor, Scionti Construction Group, LLC (the "Debtor") seeking an Order pursuant to Sections 105, 361, 362(d) and 364(d) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy

Code"): (1) authorizing the Debtor to obtain superpriority post-petition financing; (2) granting priming liens and superpriority claims; (3) granting adequate protection to prepetition secured creditor; and (4) modifying the automatic stay; and all interested parties having been given notice of the DIP Financing Motion and having been afforded an opportunity to be heard with respect to same; and the Cout having duly considered the DIP Financing Motion; and upon the record of the hearing held before the Court on November 21, 2024 and December 11, 2024; and the Court having determined that this Court has jurisdiction over this matter and that venue of this proceeding in this district is proper; and it further appearing that the Debtor has established cause for the relief sought in the DIP Financing Motion and that the relief requested is in the best interest of the Debtor, the estate, its creditors and all other parties in interest; and upon the record of this chapter 11 case and all prior proceedings had in this case; and after due deliberation and good and sufficient cause appearing therefor, the Court hereby makes the following findings of fact and conclusions of law, Accordingly, it is hereby

ORDERED as follows:

1.      The Debtor filed a voluntary chapter 11 petition on May 14, 2024, with the United States Bankruptcy Court for the Southern District of New York.  The Debtor subsequently stipulated to the transfer of venue of the case to the Southern District of Florida, which was so-ordered by the Court.

2.      The Debtor is continuing in management and possession of its business and properties as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      Notice of the DIP Financing Motion and the hearing upon the DIP Financing Motion was timely, proper and reasonably calculated to provide any interested party with adequate notice of the hearing and that no additional notice is or shall be required.

4.      The proposed post-petition construction loan (the "DIP Facility") from Republic Commercial Fund LLC ("RCF") is the product of good faith negotiation between RCF and the Debtor pursuant to Section 364(e) of the Bankruptcy Code and is an arm's length transaction between unrelated parties without collusion.

5.      The Debtor has demonstrated an immediate need to obtain credit to reduce the secured claims encumbering the property located at 7454 SW 52nd Avenue, Miami, Florida (the "Property") and to provide necessary liquidity with which to fund its operations in developing the Property, all of which will preserve the value of its assets and maximize value to the bankruptcy estate. The Debtor is unable to obtain unsecured credit pursuant to sections 503(b)(1), 364(a), (b) or (c)(1) of the Bankruptcy Code or secured credit pursuant to section 364(c)(2) and (c)(3) of the Bankruptcy Code that would be sufficient to ensure adequate protection to the prepetition secured creditors and provide the liquidity necessary to fund the development of the Property.

6.      RBI Opportunities LLC ("RBI") filed a proof of claim stating a secured claim of $757,334.66 as of the petition filing (POC 10) secured by the Debtor's interest in the property located at 7454 SW 52nd Avenue, Miami, Florida (the "Property").

7.      The U.S. Small Business Administration (the "SBA") filed a proof of claim stating a secured claim of $2,194,604.44 as of the petition filing (POC 2) secured by, *inter alia*, the Debtor's interest in the Property.

8.      The SBA has consented to the subordination of its lien in the Property subject to the fulfillment of the conditions set forth herein.

NOW THEREFORE, it is hereby:

9.      ORDERED that the DIP Financing Motion is **GRANTED** to the extent set forth herein; and it is further:

10. ORDERED that any objection to the DIP Financing Motion has either been withdrawn or is hereby overruled; and it is further:

11. ORDERED that the Debor is authorized but not directed to execute such documents necessary to enter into the DIP Facility with RCF; and it is further:

12. ORDERED that the DIP Facility shall be used to distribute to or to pay: (1) RBI in full satisfaction of its claim (POC 10) which, as of January 6, 2025, is in the amount of $ $880,287.85 plus any interest at the rate of $337.50 per day until payment (2) the SBA on account of its claim (POC 2) the amount of $27,000; and it is further:

13. ORDERED that effective upon the entry of this Order and upon the funding and disbursement of the DIP Facility to RBI and the SBA, RCF is hereby granted a perfected, first-priority, enforceable, nonavoidable senior priming lien on, and security interest in the Property pursuant to section 364(d) of the Bankruptcy Code, provided that the DIP Facility proceeds are distributed in full to RBI and the SBA as indicated in the preceding paragraph; and it is further:

14. ORDERED, that the DIP Facility's priming of the SBA's security interest in the Property is subject to the fulfilment of the following conditions: (1) the Debtor shall make adequate protection payments of $5,000 per month to the SBA; (2) the Debtor shall provide the SBA with monthly reports as to the progress of the development of the Property; (3) the Debtor shall provide to the SBA copies of any other reports or drawdown requests that the Debtor is required to provide to RCF; (4) no other administrative fees other than set forth in this Order shall be paid out of the proceeds of the DIP Facility; (5) no payments shall be made to any Insider of the Debtor directly or indirectly from proceeds from the DIP Facility, other than the amount currently being paid or allowed to Joseph Scionti in the approximate amount of $5,000 per month; and (6) should the Debtor fail to make the $5,000.00 payment to the SBA by the last day of the month and fail to cure

this default by paying the amount within three (3) business days after notice of default is given to Bruce Bronson (hbbronson@bronsonlaw.net) and Thomas Zeichman (tzeichman@bmulaw.com), then the Debtor consents to stay relief and the SBA may file a motion for stay relief that the Court will schedule on an expedited basis; and it is further:

15. ORDERED, the loan contemplated herein shall close by January 31, 2025 unless extended by the Court. The Debtor may file a motion to extend this deadline and such motion shall be filed by January 20, 2025.

16. ORDERED that the SBA shall have a second lien on the Property, without being required to file any additional mortgage, and SBA will maintain its security interest, if any, in all of the other assets of the Debtor.

17. ORDERED that the proceeds of the DIP Facility, in addition to the distributions indicated above may be used by Debtor for the following purposes:

    A. Fees required to be paid to the Clerk of the Court and to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a), plus any applicable interest;

    B. Unpaid fees and expenses of professionals of the Debtor up to $50,000 that have been awarded by Court Order;

    C. Lender legal fees up to $30,000.00;

    D. A lender fee of 6.0% of the loan amount totaling $180,000.00 and a loan processing fee of $5,000.00; and

    E. Distributions towards the development of the Property pursuant to a budget approved by RCF; and it is further:

18. ORDERED that the Debtor is authorized to pay reasonable and documented fees and expenses related to the DIP Facility, including the payment of property taxes required to be paid in order for the DIP Facility to be funded and disbursed to the Debtor; and it is further:

19. ORDERED that if the DIP Facility is not funded for any reason, the Debtor will provide notice of termination of the proposed DIP Facility by filing same with the Bankruptcy Court; and it is further:

20. ORDERED that the interests of all entities holding liens in the Property who are entitled to adequate protection and who have not otherwise consented to the relief sought by the DIP Financing Motion are determined to be adequately protected pursuant to section 361 of the Bankruptcy Code; and it is further:

21. ORDERED that the DIP Facility is being offered in good faith by RCF, that RCF is granted the protections of section 364(e) of the Bankruptcy Code, and no reversal or modification on appeal shall affect the lien granted on account of the DIP Facility herein or its priority; and it is further:

22. ORDERED that the automatic stay pursuant to section 362(a) of the Bankruptcy Code shall be modified only to the extent of: (a) permitting the Debtor to enter into the DIP Facility; (b) permitting RCF to cause the DIP Facility to be funded and disbursed to the Debtor; and (c) permitting the release or discharge of any lien in the Property on account of payment upon such secured claim from the DIP Facility; and it is further:

23. ORDERED that the Court shall retain jurisdiction to interpret, implement or enforce the terms of or any dispute related to this Order, the DIP Facility (as may be amended pursuant to the terms of this Order) or the transaction contemplated by the DIP Facility.

###

**Submitted by:**

Thomas G. Zeichman, Esquire
**BEIGHLEY, MYRICK, UDELL, LYNNE & ZEICHMAN, PA**

*Local Counsel for the Debtor*
2385 Executive Center Drive, Suite 250
Boca Raton, FL 33130
Phone: 561-549-9036
Fax: 561-491-5509
tzeichman@bmulaw.com   (AND EDITED BY THE COURT)

(Attorney Zeichman shall serve a copy of the signed Order on all interested parties and file with the Court a certificate of service conforming with Local Rule 2002-1(F)).